FILED

2020 Sep-15  PM 02:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| TAMMY STATEN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. 5:20-CV-00768-CLS |
| | ) | |
| RON W. PUCKETT, in his official | ) | |
| capacity as Sheriff of Morgan | ) | |
| County, Alabama, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff Tammy Staten commenced this action on June 2, 2020, by filing a *pro se* complaint against her former employer Ron W. Puckett, in his official capacity as Sheriff of Morgan County, Alabama, and alleging disability discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and racial discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").  *See* doc. no. 1 (Complaint).

Plaintiff subsequently filed two amended *pro se* complaints that attempted to comply with the order of Magistrate Judge Herman N. Johnson to include documentation of the charge of discrimination she filed with the Equal Employment Opportunity Commission ("EEOC").  *See* doc. no. 4 (Order to file EEOC charge and

response with amended complaint); doc. no. 5 (First Amended Complaint); doc. no.

6 (Order to file amended complaint with EEOC charge); doc. no. 7 (Second Amended

Complaint).

Plaintiff ultimately secured attorney representation by Temple Trueblood of the

Birmingham, Alabama Bar, and filed her third amended complaint, which now is the

operative pleading.  *See* doc. no. 11 (Third Amended Complaint).

This case now is before the court on defendant's motion to dismiss filed

pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* doc. no. 17; *see also* doc.

no. 18 (Brief in Support of Motion to Dismiss).

Defendant amended his motion to a motion to dismiss *without* prejudice in his

reply.  *See* doc. no. 23 (Reply in Support of Motion to Dismiss), at 2; *see also* doc.

no. 28 (Supplemental Brief in Support of Motion to Dismiss), at 1-2.  Plaintiff's

attorney now asks this court to

> enter an Order denying the Defendant's Motion to Dismiss with regards
> to her Title VII and ADA claims as set out herein.  *In the alternative,
> Plaintiff would seek leave to amend the pleadings* should the Court
> deem such necessary, with proper safeguards in place to preserve
> HIPAA [Health Insurance Portability and Accountability Act] concerns
> regarding non-parties.

Doc. no. 29 (Plaintiff's Reply to Defendant's Supplemental Brief), at 12 (emphasis

supplied).

Plaintiff concedes that the claim brought under the Rehabilitation Act (Count II) is outside of the statute of limitations and, thus, is due to be dismissed. *See* doc. no. 22 (Response in Opposition to Motion to Dismiss), at 1 n.1. Accordingly, the remainder of the order addresses the questions of whether Counts I and III, alleging violations of the ADA and Title VII, respectively, are also due to be dismissed, but without prejudice.

## I. STANDARDS OF REVIEW

The relevant portion of Federal Rule of Civil Procedure 12 permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). That rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S. at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

To survive a motion to dismiss [founded upon Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*.  *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.   *Id.* at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.* at 556.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  490 F.3d at 157-58.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they

4

are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.*

*Iqbal*, 556 U.S. at 678-79 (emphasis supplied, second and fourth alterations in original, other alterations supplied).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff, Tammy Staten, began working as a Correctional Officer at the Morgan County Jail in or around July of 2015.[1] Approximately eleven months later, in June of 2016, plaintiff suffered from an unidentified "disability/medical condition" that required her to be hospitalized.[2] The court is not told how long plaintiff was in the hospital, but is informed that she was absent from work for approximately two weeks, during which time she received medical treatment for her condition.[3]

Plaintiff ultimately was released to return to work, but with a note from her physician requesting that she be moved to a "light duty" position for six months.[4] Plaintiff returned to work on or about June 29, 2016, and was placed in a light duty

---

[1] *See* doc. no. 11 (Third Amended Complaint), ¶ 10.

[2] *See id.* ¶ 11.

[3] *See id.* ¶ 12.

[4] *See id.* ¶¶ 13-14.  As noted in defendant's motion to dismiss, the doctor's note also included a restriction on plaintiff's proximity to inmates for the same six-month time period.  *See* doc. no. 18 (Brief in Support of Motion to Dismiss), at 4.

position in the Master Control area of the Morgan County Jail.[5]

Within two hours of returning to that workplace, however, plaintiff was called to meet with Captain Larry Berzett,[6] during which Captain Berzett informed plaintiff that he would not honor the physician's request to place her in a light duty position, and that she would be terminated.[7]  Plaintiff alleges she begged to remain employed by the jail, but Captain Berzett refused to discuss any possible accommodations.[8]

Plaintiff alleges that there were several available light duty positions at the time, including the one in which she worked for two hours on June 29, 2016, other Master Control light duty positions, and Tower Command light duty positions.[9] Plaintiff also alleges that several white employees were granted the accommodation of a light duty position due to medical issues, and none were terminated due to making such a request.[10]  Accordingly, plaintiff alleges she was discriminated against due to her disability and her race (African American), because similarly situated white officers were not terminated for requesting an accommodation.[11]

---

[5] *See* doc. no. 11 (Third Amended Complaint), ¶ 15.

[6] *See id.* ¶ 16.

[7] *See id.* ¶ 17.  Defendant disputes that plaintiff was terminated, and claims she instead elected to resign, but as defendant also notes, the court must accept plaintiff's allegations as true. *See* doc. no. 18 (Brief in Support of Motion to Dismiss), at 2 n.1.

[8] *See* doc. no. 11 (Third Amended Complaint), ¶ 18.

[9] *See id.* ¶ 20.

[10] *See id.* ¶¶ 21-22.

[11] *See id.* ¶¶ 23-24.

6

## III.  DISCUSSION

Defendant moved to dismiss plaintiff's complaint because she cannot plausibly state a claim for discrimination.[12]  For support, defendant attached as an exhibit to his motion to dismiss a copy of the physician's note he alleges plaintiff referenced in her complaint.[13]  That note states that plaintiff "is not permitted to be around inmates [for] 6 months and must remain on light duty for 6 months."[14]

Plaintiff does not dispute the content of the physician's note, but argues that the evidence cannot be considered at this stage of litigation, and if the court does consider it, the court is required to convert the motion to dismiss into a motion for summary judgment.[15]  Federal Rule of Civil Procedure 12(d) states that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

Defendant argues, however, that consideration of the physician's note is appropriate at this stage because it was referenced in plaintiff's complaint, it is central

---

[12] *See* doc. no. 18 (Brief in Support of Motion to Dismiss), at 1-7.

[13] *See* doc. no. 17-1 (Exhibit A).

[14] *Id.* (alteration supplied).

[15] *See* doc. no. 22 (Response to Motion to Dismiss), at 3-6.

to her claim, and its contents are undisputed. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, . . . the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[T]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed.").

Plaintiff does not move to convert defendant's motion to dismiss to one for summary judgment, but does argue that the exception noted by defendant's attorney does not apply for multiple reasons.  First, typically, the type of extrinsic document generally considered central to a plaintiff's claims are contracts, agreements, and insurance documents, as is the case in the cases cited by defendant.[16] *See Brooks*, 116 F.3d at 1365 (the court took into consideration the actual insurance plans at issue); *M5 Management Services v. Yanac*, 428 F. Supp. 3d 1282, 1288 (N.D. Ala. 2019) (the court considered the employment agreement at issue).  The physician's note at issue here, plaintiff argues, is not like an agreement underlying a breach of contract

---

[16] *See id.* at 4.

claim.  Second, plaintiff disputes that this note is the "paperwork" referred to in her complaint.[17]  As previously noted, however, she does not dispute the content of the physician's note.

Defendant argues in his reply that the note is central to the claim because it is part of the reason plaintiff believes she was wronged.  *See Cheatham v. J.P. Morgan Chase Bank, N.A.*, No. 2:19-cv-743-ALB, 2020 WL 1015760, at *2 (M.D. Ala. Mar. 2, 2020) (quoting *Day*, 400 F.3d at 1276) ("The document must be a 'necessary part of [the] effort to make out a claim.'") (alteration in original).

The court agrees with defendant that the physician's note is central to plaintiff's claim, and, its contents are undisputed by plaintiff.  Therefore, the physician's note is properly considered at this stage.  Nevertheless, in the interest of fairness, the court will give plaintiff an opportunity to amend her complaint to present her allegations in accordance with this additional information.

## IV.  CONCLUSION

Based upon the foregoing discussion, defendant's motion to dismiss is GRANTED in part and DENIED in part.  It is ORDERED, ADJUDGED, and DECREED that plaintiff's claim under the Rehabilitation Act (Count II) is DISMISSED with prejudice.  The motion is DENIED as to plaintiff's ADA and Title

---

[17] *See id.* at 5.

VII claims (Counts I and III), however, and those claims remain pending before the court.  Plaintiff is ORDERED to file an amended complaint for the two remaining claims on or before September 29, 2020, in order to address the restriction her doctor placed on her proximity to inmates.

      **DONE** and **ORDERED** this 15th day of September, 2020.

                                _____
                                Senior United States District Judge